IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| De'MARION L. WILSON, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 3:14CV358–HEH |
| HAROLD W. CLARKE, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION
(Accepting and Adopting Report and Recommendation)

Petitioner, De'Marion L. Wilson, a Virginia prisoner proceeding *pro se*, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his convictions for robbery, aggravated malicious wounding, and two counts of use of a firearm in the Circuit Court for the City of Hampton, Virginia. This Court previously dismissed an earlier § 2254 Petition from Wilson concerning these convictions. *See Wilson v. Washington*, No. 3:06–cv–265–HEH (E.D. Va. Mar. 30, 2007).

On March 27, 2015, the Magistrate Judge issued a Report and Recommendation (ECF No. 7) recommending that the § 2254 Petition be dismissed as successive. The Court advised Wilson that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. On April 10, 2015, the Court received Wilson's Objections (ECF No. 8), in which he argues that the Magistrate Judge's "ruling was Illegal because the District Court based its decision to deny federal habeas corpus relief on the faulty premise that state habeas corpus relief had been properly denied when, in fact, the state court order denying and dismissing the state habeas corpus petition has never been signed/ entered by a judge." (Objs. at 1.) Wilson's objections fail to address or bear on the Magistrate Judge's conclusion that the Court lacks jurisdiction to entertain the successive § 2254 Petition.

Prior to bringing his successive § 2254 petition, Wilson was required to obtain an order from the United States Court of Appeals for the Fourth Circuit authorizing the Court to consider Wilson's petition. *See* 28 U.S.C. § 2244(b)(3)(A). Because Wilson has not obtained such authorization, this Court lacks jurisdiction to entertain the present § 2254 petition. Wilson's objections will be overruled. The Report and Recommendation will be accepted and adopted. Wilson's claims and the action will be dismissed for lack of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Wilson has not satisfied this standard. A certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

                                        /s/
                                  Henry E. Hudson
Date: June 5, 2015            United States District Judge
Richmond, Virginia